UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN B. CRUZ, et al.,                No. 1:93-cv-05070-MCE

    Plaintiffs,

  v.                                  MEMORANDUM AND ORDER

FRESNO COUNTY, et al.,

    Defendants.

----oo0oo----

This action, brought pursuant to 42 U.S.C. § 1983, arose nearly twenty years ago out of allegations of unconstitutional overcrowding in the Fresno County jails.  In February of 1994, the original dispute was resolved via a "Stipulation re Permanent Injunction; Order," referred to by the parties as the "Consent Decree."  Over fifteen years later, however, on July 14, 2011, the Fresno County Superior Court ("Superior Court") moved to intervene in this case for the limited purpose of requesting clarification of the definition of the term "capacity" as it is used in the Consent Decree.
///

1

Upon stipulation of the existing parties, this Court subsequently issued an Order modifying the Consent Decree such that the term "capacities" in paragraphs 2.B and 2.J and the term "capacity" in paragraph 3 of that Decree are now defined as "actual staffed capacities" and "actual staffed capacity," respectively.  By Memorandum and Order dated February 16, 2012, the Superior Court's Motion to Intervene was thus denied as moot.  Now before the Court is a Motion for Attorneys' Fees (ECF No. 95) filed by Plaintiffs in which the argue that, as prevailing parties, they are entitled under 42 U.S.C. § 1988 to recover fees from both the County Defendants and the Superior Court.  For the following reasons, Plaintiffs' Motion is DENIED.[1]

**ANALYSIS**

"In any action or proceeding to enforce a provision of...[Section 1983]..., the court, in its discretion, may allow the prevailing party...a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b).  According to Plaintiffs, they are entitled to recover attorneys' fees as the prevailing party here because they successfully opposed the Superior Court's Motion to Intervene and obtained the interpretation of the Consent Decree most favorable to them.  Plaintiffs' arguments are rejected.
///
///

---

[1] This Court determined oral argument will not be of material assistance and thus decides this case on the briefing. See E.D. Cal. Local Rule 230(g).

2

First, Plaintiffs were not prevailing parties in relation to Defendants.  To the contrary, Plaintiffs and Defendants both opposed the Superior Court's Motion to Intervene and both ultimately agreed as to the proper definition of the term "capacity" as it is used in the Decree.  Plaintiffs have pointed the Court to no authority supporting an award of fees under circumstances such as these, where the party from whom fees are sought is an "opposing party" in name only.  Accordingly, Plaintiffs' request to recover fees from Defendants is DENIED.

Plaintiffs' request to recover fees from the Superior Court is likewise rejected.  Fees should be awarded "against losing intervenors only where the intervenors' action was frivolous, unreasonable, or without foundation." Independent Federation of Flight Attendants v. Zipes, 491 U.S. 754, 761 (1989); Costco Wholesale Corp. v. Hoen, 538 F.3d 1128, 1133 (9th Cir. 2008); Democratic Party of Washington v. Reed, 388 F.3d 1281, 1288 (9th Cir. 2004).  The Superior Court's Motion to Intervene was none of those.  To the contrary, the Superior Court sought to clarify an ambiguous term used within a Consent Decree that itself governs a matter of great public importance.  Regardless of whether the Superior Court agrees with the construction of the term "capacity" ultimately adopted by the Court, and regardless of whether this Court believes that term should only logically be construed as it eventually was, the would-be intervenor nonetheless achieved its ultimate objective in seeking to intervene, which was to obtain judicial clarification as to whether the Consent Decree referred to "actual" or "staffed" capacity.

3

The Court is likewise unconvinced that the passage of time between entry of the Consent Decree and filing of the Motion to Intervene is sufficient to render the filing "unreasonable" or "without foundation." The Superior Court sufficiently explained its reasons for filing the Motion to Intervene so long after execution of the Consent Decree. Circumstances change and, under the circumstances relevant here, the Superior Court was not dilatory in seeking its requested relief. Accordingly, no fee award is justified, and Plaintiffs' request to recover fees from the Superior Court is DENIED.[2]

**CONCLUSION**

For the reasons just stated, Plaintiffs' Motion for Attorneys' Fees (ECF No. 95) is DENIED. Defendants' request to appear telephonically (ECF No. 101) at the hearing on this matter, which was vacated pursuant to this Court's order of April 30, 2012, is likewise DENIED as moot.

IT IS SO ORDERED.

Dated: May 30, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Given the above grounds for denial of Plaintiffs' Motion for Fees, there is no reason for the Court to further evaluate Plaintiffs' arguments that the Superior Court did not act in its official capacity in bringing its Motion or that the Superior Court is not entitled to judicial immunity.

4